## Preston Township Overseers of the Poor v. Thompson Township Overseers of the Poor.

*Justice of the peace — Jurisdiction — Appeals—Rule to dismiss appeal— Trial on the merits.*

On an appeal taken from the judgment of a justice of the peace, the question of the jurisdiction of the justice will not be considered on a rule to dismiss the appeal. The case must be considered on a hearing of the appeal on its merits and the question of jurisdiction then decided.

Rule to dismiss proceedings because of lack of jurisdiction of the justice. Q. S. Wayne Co., June Sess., 1927, No. 28.

*M. E. Simons*, for appellant; *Miller & Miller*, for appellee.

SEARLE, P. J., Aug. 8, 1927.—This proceeding was brought before F. A. Stoddard, a justice of the peace in and for said County of Wayne, in the Borough of Starrucca, by the Overseers of the Poor of Preston Township, Wayne County, Pennsylvania, against the Overseers of the Poor of Thompson Township, Susquehanna County, Pennsylvania, for an order of removal under the Act of June 13, 1836, P. L. 544, and the amendment thereto of April 6, 1905, P. L. 115, of one Phœbe Reigle and her four minor children, who, it was alleged, "are likely to become chargeable to the Poor District of Preston Township."

At the hearing, counsel for the defendant appeared specially and objected to the jurisdiction of the justice of the peace. This objection was sustained by the justice of the peace and the proceedings dismissed, and from this action on the part of the justice of the peace the Preston Township Overseers have appealed to this court.

Rule was granted to show cause why the appeal should not be dismissed because of lack of jurisdiction of the justice. Although the parties are willing we should decide the question of jurisdiction before the case comes to trial, we do not consider that the proper practice.

Preston Twp. Overseers of the Poor v. Thompson Twp. Overseers of the Poor.

In the case of Hannah v. Kaplan, 21 Lacka. Jurist, 300, Newcomb, J., decides, and we think it necessary only to quote from his decision in this case:

"By his brief, it would appear that counsel had misconceived the application of the familiar principle that where the magistrate is without jurisdiction of the subject-matter, the Common Pleas acquires none by appeal.

"No question about that; but the attempt to enforce it in this way overlooks the nature and function of the remedy by appeal, which operates only to bring the cause into court upon whatever merits, if any, it had. In other words, by appealing, defendant elected to join issue with the adversary on the substance of his demand and thus put him to his proof. Therefore, the question whether it had any merits cognizable by the court of original jurisdiction will depend upon what develops on the trial of the issue, which defendant must be deemed to have tendered by mere force and effect of his appeal. If the cause of action thus disclosed shall turn out to be one of which the alderman has no statutory jurisdiction, advantage of the defect may then be effectively taken by defendant. The attempt to invoke the objection on the present motion merely serves to confuse the office of an appeal with that of a *certiorari*—two radically different proceedings."

We have very great respect for the opinion of Judge Newcomb, and consider him a high authority upon matters of pleading and practice, and we can add nothing to his opinion in this case.

Now, to wit, Aug. 8, 1927, the rule to show cause why this appeal should not be dismissed for lack of jurisdiction is discharged, leaving that question to be raised upon the trial of the case, should counsel so desire.

From A. G. Rutherford, Honesdale, Pa.